# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HERBEY ARMENDARIZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-11-252-D |
| ) | |
| H.A. LEDEZMA, Warden, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2241, seeking a writ of habeas corpus. United States District Judge Timothy D. DeGiusti referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has filed a motion to dismiss [Doc. No. 16], to which Petitioner has responded. Petitioner has also filed a motion for summary judgment [Doc. No. 20] and a motion requesting his immediate release, entitled "Dying Wish Request" [Doc. No. 21]. In response, Respondent has filed a motion requesting a stay from having to respond to Petitioner's pending and future motions [Doc. No. 22], and Petitioner has responded to that motion [Doc. No. 23]. Thus, the motions are at issue and ready for disposition.

By this action, Petitioner challenges his continued confinement in the Federal Correctional Institution in El Reno, Oklahoma, where he is serving a sixty month sentence from the United States District Court for the Western District of Texas, Midland-Odessa Division, after he plead guilty to possession of more than five grams of cocaine base,

"crack," in violation of 21 U.S.C. § 844. Petition, 3; Petitioner's Brief in Support [Doc. No. 3], Ex. D. In three separate grounds for relief, Petitioner claims that his due process rights have been violated by the Respondent for allegedly failing to comply with a plea agreement between Petitioner and the prosecutor in his underlying federal case. Petition, 4. More specifically, he asserts that the plea agreement was that he would have his sentence reduced through completion of the Residential Drug Abuse Program and that he would be incarcerated in a federal medical center. Id. Petitioner also claims that he should be released from custody early for compassionate reasons due to his medical condition and impending death. Id.

## I. RESPONDENT'S MOTION TO DISMISS

Respondent argues that the petition should be dismissed because Petitioner failed to exhaust his administrative remedies and because his claims are not cognizable under 28 U.S.C. § 2241. Respondent's Motion to Dismiss, 2-5. Petitioner responds that he has exhausted his administrative remedies and that regardless, the exhaustion requirement has been waived. Petitioner's Response, 4-7. Petitioner's arguments are set forth in more detail below. Respondent replies that Petitioner's response demonstrates that dismissal is appropriate. Respondent's Reply, 1.

As an initial matter, the undersigned agrees with Respondent that to the extent Petitioner attacks the validity of his plea agreement and the conviction and sentence based on that plea agreement, his claims are not cognizable in this habeas preceding. Licon v. Ledezma, __ F.3d __, 2011 WL 1137056, at *7 (10th Cir. Mar. 30, 2011). However, to the

extent Petitioner is not attacking his plea agreement, but merely contends that he is entitled to entry into the Residential Drug Abuse Program, incarceration in a federal medical facility, and a compassionate early release, he has not exhausted his administrative remedies.

Although 28 U.S.C. § 2241 does not contain an explicit exhaustion requirement, exhaustion of available administrative remedies is required for petitions brought under § 2241. Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010). The exhaustion requirement is satisfied when the petitioner "us[es] all steps that the agency holds out." Woodford v. Ngo, 548 U.S. 81, 90 (2006). "A narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." Garza, 596 F.3d at 1203. The petitioner bears the burden to show that administrative remedies have been exhausted. See Jones v. Davis, No. 09-1463, 366 Fed. Appx. 942, 944 (10th Cir. Feb. 23, 2010)[1] (citing Clonce v. Presley, 640 F.2d 271, 273 (10th Cir. 1981)).

To exhaust administrative remedies, a federal prisoner must first attempt informal resolution of an issue. 28 C.F.R. § 542.13. If an issue cannot be resolved informally, the prisoner may then submit a formal written administrative remedy request to the warden within twenty calendar days of when the issue occurred. 28 C.F.R. § 542.14(a). If the prisoner is not satisfied with the warden's response, a regional appeal may be filed within twenty calendar days from the date the warden signed the response. 28 C.F.R. § 542.15(a). Finally, a prisoner may file an appeal with the general counsel within thirty calendar days of

---

[1]This unpublished disposition is cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

the date the regional director signed the response. An appeal to the general counsel is the final administrative appeal. 28 C.F.R. § 542.15(a).

Petitioner has failed to demonstrate that he exhausted his administrative remedies or that exhaustion would be futile. Petitioner alleges that he exhausted his administrative remedies by filing various lawsuits and administrative actions regarding Respondent's failure to address his medical needs. Petitioner's Response, 4-5. In support, Petitioner has attached two letters regarding three administrative tort actions he filed in 2010 and 2011, but he claims he can provide no more information regarding the above-mentioned lawsuits and administrative actions because all his legal materials were confiscated during a search of his cell. Petitioner's Response, 6, Exs. 3, 5.[2] These administrative tort actions do not satisfy the exhaustion requirement for two reasons. First, Petitioner has specific procedures under the BOP's grievance process to follow, and secondly, the tort actions involve issues unrelated to the claims asserted in the habeas petition. Reference to the letters regarding Petitioner's 2010 and 2011 administrative tort actions show that they involve two slip and fall incidents and the alleged loss and damage of property. Petitioner's Response, Exs. 3, 5.

Petitioner and Respondent also have submitted three inmate request to staff forms completed by Petitioner from 2009 to 2011. See Petitioner's Brief in Support of Habeas Petition [Doc. No. 3], Exs. A, E; Respondent's Motion to Dismiss, Ex. B; Affidavit in

---

[2]Petitioner has not numbered the exhibits attached to his response. Thus, the undersigned has inferred them. Exhibits three and five are respectively the third and fifth documents attached to Petitioner's response.

Support of Petitioner's Response to Motion to Dismiss [Doc. No. 19], Ex. 1. Of these, only the request to staff attached to Respondent's motion to dismiss contains a response and shows that it was received by Respondent. Respondent's Motion to Dismiss, Ex. B. However, even assuming that Respondent received each of the requests to staff noted above, nothing shows that Petitioner ever filed a regional or national appeal as required by the BOP's regulations. Thus, contrary to Petitioner's contention, he has not exhausted his administrative remedies regarding the claims in his habeas petition.

Petitioner has also failed to show that exhaustion would be futile. Petitioner argues that the exhaustion requirement has been waived because his only remedy is an administrative tort claim and "civil rights lawsuit" which was previously dismissed because he could not pay the filing fee. Petitioner's Response, 7. In support of this claim Petitioner has attached to his response an order from the Tenth Circuit requiring him to pay the full filing fee before proceeding with his appeal in accordance with 28 U.S.C. § 1915(g) or have his appeal dismissed. Petitioner's Response, Ex. 4. To the extent Petitioner is arguing that exhaustion of his administrative remedies would be futile because he cannot pay a civil filing fee in full in accordance with 28 U.S.C. § 1915(g), his argument is not persuasive. Section 1915(g), the three strikes rule, does not place any conditions on his ability to seek administrative relief under 28 C.F.R. §§ 542.13-542.15. Rather, that section merely prohibits Petitioner from proceeding in forma pauperis in civil actions before the federal courts, unless he shows he is in imminent danger of serious physical injury.

Finally, Petitioner argues that he should not be required to exhaust his administrative remedies because his death is imminent. Petitioner's Brief in Support, 6-7.[3] Not only is this claim insufficient to render exhaustion futile, but Petitioner has also not shown that his death is imminent. In support of his claim, Petitioner attached a medical procedure report from Dr. Ronald J. Sutor dated October 26, 2010, to his brief in support of his habeas petition. This report details three procedures performed presumably to check Petitioner's heart function, and while the doctor found that Petitioner has some cardiac and coronary problems, he nowhere reached a conclusion regarding Petitioner's life expectancy. Petitioner's Brief in Support, Ex. B. Accordingly, the undersigned finds that the petition should be dismissed for failure to exhaust administrative remedies.

## II. PETITIONER'S MOTION FOR SUMMARY JUDGMENT

Petitioner argues that summary judgment is appropriate in his favor because Respondent negligently failed to treat his diabetes and exposed him to conditions designed to induce heart disease and cause him death in retaliation for filing lawsuits against the prison. See Petitioner's Motion for Summary Judgment [Doc. No. 20]. In response, Respondent filed a motion requesting a stay from being required to respond to Petitioner's pending and future motions. Respondent's Application for Stay [Doc. No. 22], 1. Petitioner has responded to that motion asserting that his claims have been adequately presented to the

---

[3]Petitioner's brief in support [Doc. No. 3] consists of two separately paginated documents and a number of attachments. The first document is labeled "Memorandum to the Court in Support of Petitioner Armendariz's 2241." The second document is labeled "Memorandum of Law in Support of Petitioner Armendariz's Writ of Habeas Corpus 28 U.S.C. Sec. 2241." The undersigned has only cited to the second document in this Report and Recommendation.

6

Court and require judgment in his favor. Petitioner's Response to Application to Stay [Doc. No. 23], 1-4.

Petitioner's arguments in support of his motion for summary judgment are irrelevant to those raised in his habeas petition, but even assuming they were relevant, the undersigned has already found that Petitioner has failed to exhaust his administrative remedies. Accordingly, the undersigned finds that Petitioner's motion for summary judgment should be denied.

## **RECOMMENDATION**

In light of the foregoing, the undersigned recommends that Respondent's Motion to Dismiss [Doc. No. 16] be **GRANTED**, and Petitioner's petition for a writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE** for his failure to exhaust available administrative remedies. It is further recommended that Petitioner's Motion for Summary Judgment [Doc. No. 20] be **DENIED** and that his "Dying Wish Request" [Doc. No. 21] be **DENIED**. Finally, it is recommended that Respondent's Application for Stay [Doc. No. 22] be **DENIED AS MOOT**. Petitioner is advised of the right to object to this Report and Recommendation by May 30, 2011, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72, by filing objections with the Clerk of Court. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all matters referred to the undersigned Magistrate Judge.

**ENTERED THIS 9th day of May, 2011.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE