# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HERBEY ARMENDARIZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-11-252-D |
| | ) | |
| H. A. LEDEZMA, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## O R D E R

Petitioner, a federal prisoner appearing *pro se*, brought this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Doyle W. Argo for initial proceedings. Respondent filed a motion to dismiss [Doc. No. 16]; Petitioner filed a summary judgment motion [Doc. No. 20] and several other motions. On May 9, 2011, the Magistrate Judge filed a Report and Recommendation [Doc. No. 24] in which he recommended the Court grant Respondent's motion to dismiss and deny Petitioner's summary judgment motion; he recommended that other pending motions be denied as moot and that this action be dismissed without prejudice to the filing of a new action after Petitioner fully exhausts the administrative remedies available to him.

Petitioner timely objected to the Report and Recommendation; in addition, he filed a second objection. Because Petitioner did not seek leave to file the second objection, it is stricken and will not be considered. However, Petitioner's initial objection [Doc. No. 26] was timely filed and will be considered by the Court. Accordingly, the matter is reviewed *de novo*.

As explained in the Report and Recommendation, Petitioner is serving a 60-month sentence for possession of more than five grams of cocaine base, or "crack," in violation of 21 U. S. C. § 844. According to the allegations in the Petition, he pled guilty to that charge in the United States District

Court for the Western District of Texas, Midland-Odessa Division. Petitioner seeks habeas relief on the grounds that his due process rights have been violated because Respondent allegedly failed to comply with the terms of a plea agreement between Petitioner and the government. More specifically, he contends the plea agreement provided his sentence would be reduced by completion of a Residential Drug Abuse Program; he also alleges the plea agreement provided he would be incarcerated in a federal medical center. In addition to his allegations based on the plea agreement, Petitioner seeks release from custody because of his medical condition and the status of his health.

As further explained in the Report and Recommendation, Respondent sought dismissal on the grounds that Petitioner's plea agreement contentions are not properly cognizable in a habeas proceeding; with respect to Petitioner's request based on his medical condition, Respondent argued Petitioner has failed to exhaust the available administrative remedies prior to filing this lawsuit.

The Magistrate Judge correctly concluded that, as argued by Respondent, a challenge to a plea agreement and the conviction and sentence based on that agreement is not a claim which is properly cognizable in a habeas proceeding. *Licon v. Ledezma*, __ F. 3d __, 2011 WL 1137056, at *7 (10th Cir. Mar. 30, 2011). Accordingly, the Petition is properly dismissed on that basis. However, to the extent Petitioner's claims are based on his contention that he is entitled to participate in a Residential Drug Abuse Program and his request for early release, those contentions may be brought in a habeas proceeding.

Having fully reviewed the record and the findings and conclusions set forth in the Report and Recommendation, the Court agrees with the Magistrate Judge that Petitioner has failed to exhaust the administrative remedies available to him with regard to the cognizable habeas claims. Exhaustion of remedies is required for petitions brought pursuant to § 2241. *See Garza v. Davis*,

596 F.3d 1198, 1203 (10th Cir. 2010). A petitioner has the burden of showing exhaustion. *Jones v. Davis,* 366 F. App'x 942, 944 (10th Cir. 2010) (unpublished opinion) (citing *Clonce v. Presley*, 640 F. 2d 271, 273 (10th Cir. 1981)). As discussed in detail in the Report and Recommendation at pages 3 and 4, specific administrative procedures are available to an inmate seeking the type of relief requested by Petitioner. However, the Court agrees with the Magistrate Judge that the record in this case reflects that Petitioner has failed to demonstrate that he has exhausted the available remedies or that exhaustion would be futile. The Magistrate Judge correctly concluded Petitioner's claims based on participation in a Residential Drug Abuse Program and a request for early release must be dismissed without prejudice for failure to exhaust administrative remedies.

The record and the governing law also reflect that the Magistrate Judge correctly determined Petitioner's summary judgment motion must be denied. His motion is based on the contention that Respondent negligently failed to provide proper treatment for Petitioner's diabetes and exposed him to conditions intended to induce heart disease. As the Magistrate Judge explains at pages 6 and 7 of the Report and Recommendation, these contentions are not relevant to the stated bases for Petitioner's requested habeas relief. In any event, however, such contentions are also subject to the requirement that he exhaust available administrative remedies prior to filing a lawsuit to seek relief.

The Court has reviewed Petitioner's objection to the Report and Recommendation, and it offers no persuasive argument or authority demonstrating that exhaustion of remedies has been completed or that such exhaustion would be futile. Accordingly, the objection does not preclude adoption of the Report and Recommendation.

The Report and Recommendation [Doc. No. 24] is ADOPTED as though fully set forth herein. For the reasons stated therein, Respondent's motion to dismiss [Doc. No. 16] is GRANTED,

and the petition for a writ of habeas corpus is dismissed without prejudice for failure to exhaust administrative remedies. Petitioner's summary judgment motion [Doc. No. 20] is DENIED, as is his "dying wish request" [Doc. No. 21]. All other pending motions are denied as moot. This action is dismissed without prejudice to the filing of a new action asserting proper grounds for habeas relief after Petitioner has fully exhausted his available administrative remedies with regard to the claims asserted.

IT IS SO ORDERED this 20th day of May, 2011.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE